IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNA D. SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOUGLAS JERMAINE TURNER, and ) <br> SMITH PACKAGE, LLC, ) <br> ) <br> Defendants. ) | Case No. 3:22-cv-2109-JPG |
| TIMOTHY R. BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOUGLAS JERMAINE TURNER, and ) <br> SMITH PACKAGE, LLC, ) <br> d/b/a SMITH TRANSPORTATION, ) <br> ) <br> Defendants. ) | Case No. 3:22-cv-2295-JPG |
| TIMOTHY R. BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DOUGLAS JERMAINE TURNER, and ) <br> SMITH PACKAGE, LLC, ) <br> d/b/a SMITH TRANSPORTATION, ) <br> ) <br> Defendants. ) | Case No. 3:23-cv-1538-JPG |

**MEMORANDUM AND ORDER**

**I.  Introduction**

This matter comes before the Court on two separate motions. The pending motions are

Motion to Consolidate by Plaintiffs Katharine Stewart and Camden Stewart ("Stewart Plaintiffs"), and a Motion to Stay by Defendant Douglas Jermaine Turner ("Turner"). (Docs. 16 and 22).

II.     **Analysis**

Neither motion is opposed and the time for doing so has passed. Pursuant to the U.S. District Court Southern District of Illinois ("SDIL-LR"), all motions *other than* a motion to remand, judgment on the pleading, summary judgment, to suppress, and post-trial motions, shall have 14 days after service of the motion to file a written response. "Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." SDIL-LR 7.1(g). Therefore, any opposition or response to the motions were due June 8, 2023, and, June 13, 2023, respectively. No party has filed oppositions to the pending motions and the time for doing so has passed. Therefore, the Court considers a failure to oppose within the time periods in SDIL-LR as an admission of the merits of the motion.

a.  **Motion to Consolidate**

The Court will address the pending motion to consolidate. Here, the Stewart Plaintiffs request that this case (*Katharine Stewart and Camden Stewart v. Douglas Jermaine Turner, and Smith Package, LLC d/b/a Smith Transportation*, Case No. 23-cv-01538) be consolidated with *Johnna D. Smith v. Douglas J. Turner and Smith Package, LLC d/b/a Smith Transportation* (Case No. 22-cv-2109). Additionally, *Smith v. Turner and Smith Package* was previously consolidated with *Brown v. Turner and Smith Package, LLC* (Case No. 22-cv-2295) on June 10, 2023 (Doc. 39). Therefore, the references to *Smith v. Turner and Smith Package, LLC* (Case No. 22-cv-2109) refers to the consolidated cases of *Smith v. Turner and Smith Package, LLC* and *Brown v. Turner and Smith Package, LLC* (Case No. 22-cv-2295).

Federal Rule of Civil Procedure 42(a) grants federal district courts the authority and discretion to consolidate related actions for greater efficiency. The Rule states: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Courts should consolidate related actions when possible to promote judicial economy, as long as the consolidation does not unduly prejudice any party. *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970); *United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945).

Here, the Court is comfortable finding that both cases involve a "common question of law or fact." Specifically, both cases involve the same defendants, same accident, and same negligence claims. Thus, in the interests of judicial economy and pursuant to Rule 42(a), the Court hereby **CONSOLIDATES** *Stewart et al v. Turner et al* (Case No. 23-cv-1538) with *Smith v. Turner and Smith Package, LLC* (Case No. 22-2109-JPG). All future filing shall bear the consolidated caption used in this order and shall be filed only in *Smith v. Turner and Smith Package, LLC*, Case No. 22-2109-JPG. The Court will strike any filings in Case No. 23-cv-1538-JPG subsequent to this order.

The Clerk of Court is **DIRECTED** to **CONSOLIDATE** these cases and to file a copy of this Order in both cases.

    **b. Motion to Stay**

Currently, the consolidated case in *Smith v. Turner and Smith Package* is currently stayed. Therefore, because the Court has consolidated the instant case (*Stewart et al v. Turner et al* (Case No. 23-cv-1538), it is in the best interests of the plaintiffs, defendant, public, and economy of this case to stay the instant case as well.

Turner asserts that there is a pending criminal charge for Improper Lane Usage and Logbook Violation, Aggravated DUI in violation of 625 ILCS 5/11-501, captioned 2022-CF-173 (felony) and DUI / Possession of a Dangerous Substance in violation of 625 ILCS 5/11-501, captioned 2022-CF-14 (class A misdemeanor), in White County, Illinois. Turner asserts that the pending criminal charges arise out of the same events that constitute Smith's civil lawsuit and, therefore, his Fifth Amendment privilege is potentially threatened by defending the civil action.

As the Court has stated previously, the court has the inherent power to manage its docket "with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). Exercising this power requires balancing the competing interests of plaintiffs, defendants, and the public. *Id*.; *Hare v. Custable*, 2008 WL 1995062, at *2 (N.D.Ill. 2008). Although stays in light of parallel criminal proceedings are not of constitutional magnitude (*United States v. All Meat and Poultry Prods. Stored at Lagrou Cold Storage*, 2006 WL 27119, at *1 (N.D. Ill. Jan.4, 2006)), courts nonetheless retain discretion to issue stays in those circumstances. A court may stay a civil proceeding pending resolution of criminal proceedings "when the interests of justice" require it. See *United States v. Kordel*, 397 U.S. 1, 12 n. 27, 90 S.Ct. 763, 25 L.Ed.2d 1 (1970).

To determine whether a stay will issue, the Court considers the following non-exhaustive factors: (1) whether the civil and criminal proceedings involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of Plaintiffs in proceeding expeditiously, and the potential prejudice that Plaintiffs may suffer from a delay; and (6) the burden that any particular aspect of the civil case may impose on Defendants if a stay is denied. *Hare*, 2008 WL 1995062 at *2 (citing *Cruz v. County of DuPage*, 1997 WL 370194, at *2

(N.D.Ill.1997)).

All factors weigh in favor of a stay. Specifically, both the civil and criminal proceedings both involve the same subject matter, the government did not initiate both proceedings, the indictment has been filed in the criminal case with the case proceeding judiciously. *Tostado v. Jackson*, No. 10-cv-1162, 2011 WL 2116396, at *3 (E.D. Wis. May 25, 2011) ("The fact that the criminal case is nearing its conclusion—with a trial date set for mid-July 2011—is also significant because it means any delay in the civil proceeding would be minimal, excepting a further delay in the criminal case."). Additionally, prejudice to plaintiffs is minimal. Lastly, regarding the public interest, other type of evidence could be elicited while criminal charges are pending. Additionally, because Turner's case has been stayed to the other consolidated plaintiffs, it is in the interest of the judicial economy of the case to maintain the stay alongside the other cases. Therefore, all factors weigh in favor of a stay.

Finding that weighing the relevant factors weighs in favor of a stay, the Court **GRANTS** Motion to Stay (Doc. 22).

### III. Conclusion

- **GRANTS** the Motion to Consolidate (Doc. 16) in Case No. 23-cv-1538-JPG;
- CONSOLIDATES *Stewart et al v. Turner et al* (Case No. 23-cv-1538) with *Smith v. Turner and Smith Package, LLC* (Case No. 22-2109-JPG). All future filing shall bear the consolidated caption used in this order and shall be filed only in *Smith v. Turner and Smith Package, LLC,* Case No. 22-2109-JPG;
- **DIRECTS** the Clerk of the Court to **CONSOLIDATE** these cases and to file a copy of this Order in both cases;
- **GRANTS** the Motion to Stay (Doc. 22) and **STAYS** this case consistent with the stay

issued in the consolidated case of *Smith v. Turner and Smith Package, LLC* (Case No. 22-2109-JPG).

**IT IS SO ORDERED.**
**Dated: June 15, 2023**

**/s/ J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
